United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO J. SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00160 |
| | § | |
| KIMBERLY PEREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Roberto J. Salinas, appearing *pro* se and *in forma* pauperis, has filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Default Judgment. (D.E. 29). For the reasons discussed below, the undersigned respectfully recommends that this motion be denied.

## I. BACKGROUND

On June 23, 2023, the Court received Plaintiff's first civil rights action. (D.E. 1). Plaintiff, a non-prisoner previously confined on two occasions in the Duval County Jail, sued the following defendants: (1) Lt. Jailer Kimberly Perez (Lt. Perez"); (2) Sheriff Romeo R. Ramirez ("Sheriff Ramirez"); and (3) the Duval County Jail. (D.E. 1, pp. 1, 3).

On July 17, 2023, the Court received Plaintiff's second civil rights action. (Case No. 2:23-CV-00182, D.E. 1). Therein, Plaintiff sued the following defendants: (1) Sheriff Ramirez; (2) Duval County Clerk Araseli B. Lichtenberger ("Clerk Lichtenberger"); and

(3) Duval County Attorney Baldemar Gutierrez ("County Attorney Gutierrez"). (Id.). Because Plaintiff's first and second civil rights actions involved similar facts and each named Sheriff Ramirez, the undersigned ordered the Clerk of Court to: (1) consolidate Plaintiff's actions into one action; (2) administratively close Case No. 2:23-CV-182; and (3) docket Plaintiff's § 1983 complaint filed in Case No. 2:23-CV-182 as a Supplement to his complaint in Case No. 2:23-CV-160. (D.E. 6; Case No. 2:23-CV-00182, D.E. 5).

In a Memorandum and Recommendation entered on October 23, 2023, the undersigned recommended that the Court retain only the following claims:

- Plaintiff's Fourth Amendment false imprisonment claim against Lt. Perez in her individual capacity with regard to the time Plaintiff spent in the Duval County Jail after he was allegedly granted bail on August 17, 2021; and

- Plaintiff's Fourth Amendment false imprisonment claim against Sheriff Ramirez in his individual capacity with regard to the time Plaintiff spent in the Duval County Jail after he was allegedly granted bail on November 15, 2021;

(D.E. 16). That same day, the undersigned ordered service on Lt. Perez and Sheriff Ramirez (collectively "Defendants"). (D.E. 17). Defendants were directed to file an answer within forty-five (45) days of receipt of Plaintiff's Original Complaint (D.E. 1), Plaintiff's More Definite Statement (D.E. 5), and Plaintiff's Supplement (D.E. 7).

In response to the Service Order, Duval County Attorney Baldemar Gutierrez appeared for the limited purpose of providing the addresses for Defendants under seal as well as identifying counsel who will represent them. (D.E.'s 24 & 24-1). At that time,

neither Lt. Perez nor Sheriff Ramirez had been served with process or otherwise been notified they have been sued.

On January 2, 2024, the Court received Plaintiff's motion seeking a default judgment against Defendants for failing to file an answer or other responsive pleading. (D.E. 29). This motion was not docketed until the next day.

On January 3, 2024, after noting Attorney Gutierrez's response to the Service Order, the undersigned issued a Supplemental Order for Service of Process. (D.E. 28). In that order, the undersigned directed the United States Marshall to serve the summons and necessary attachments on Defendants. (*Id.* at 2). In turn, Defendants were ordered to file an answer or other responsive pleading within thirty (30) days of receipt of the summons and attachments. (*Id.*). On January 29 and 30, 2024, Defendants filed their respective answers. (D.E.'s 33 & 34).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff is not entitled to default judgment in this case. The record reflects that Defendants did not receive a copy of the summons and necessary attachments until after

the Supplemental Order for Service was issued on January 3, 2024. Defendants then timely filed their answers on January 29 and 30, 2024. (D.E.'s 33 & 34). By filing their answers, Defendants have properly defended against Plaintiff's action. Plaintiff, therefore, is not entitled to the drastic remedy of default judgment against Defendants.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Default Judgment against Defendants (D.E. 29) be **DENIED**.

Respectfully submitted on February 26, 2024.

_______________________________
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).