Case 2:23-cv-00160   Document 89   Filed on 03/21/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00160 |
| | § | |
| KIMBERLY PEREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court are Magistrate Judge Julie Hampton's October 4, 2024 Memorandum and Recommendation ("M&R"), (D.E. 61), and November 12, 2024 M&R, (D.E. 74). The October 4, 2024 M&R recommends that the Court[1]:

(1) Dismiss Plaintiff's Fourth Amendment false imprisonment claims against Sheriff Romeo Ramirez and Lt. Kimberly Perez; and

(2) Retain Plaintiff's Fourteenth Amendment substantive due process claims against Sheriff Romeo Ramirez and Lt. Kimberly Perez,

(D.E. 61, p. 1, 8). Plaintiff filed written objections to the M&R. (D.E. 65). Defendants also filed written objections to the M&R. (D.E. 66).

The November 11, 2024 M&R recommends that the Court:

(1) Grant Defendants' Motion for Summary Judgment, (D.E. 56); and

(2) Dismiss with prejudice Plaintiff's Fourteenth Amendment due process claims against Sheriff Romeo Ramirez and Lt. Kimberly Perez,

(D.E. 74, p. 20). Plaintiff filed written objections to the M&R. (D.E. 79).

When a party objects to the findings and recommendations of a magistrate judge, the

---

[1] The October 4, 2024 M&R also recommended denial of Defendants' Motion for Summary Judgment, (D.E. 61, p. 1, 8), but the Court later vacated the M&R to the extent it recommended denying as moot Defendants' summary judgment motion, (D.E. 73, p. 6).

district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### I. October 4, 2024 M&R

Plaintiff appears to object to the M&R's recommendation that his false imprisonment claim against Sherriff Ramirez be dismissed and instead recharacterized as a Fourteenth Amendment substantive due process claim. (D.E. 65, p. 1). Plaintiff filed a first set of supplemental objections, (D.E. 67), which appear to be a response to Defendants' objections, and then supplement to the objections, (D.E. 68).

Plaintiff restates his original claim that Defendants Perez and Ramirez had no basis for denying bail. (D.E. 67, p. 3). Plaintiff also appears to raise a claim for false arrest: "Plaintiff objects to the sheriff's false arrest and imprisonment." (D.E. 65, p. 1). Further, Plaintiff appears to present a claim for obstruction of justice. *Id.* at 2.

Plaintiff's objections are conclusory—and the Court does not consider conclusory objections that do not specifically assert why the M&R is wrong. *See Perez v. Stephens*, No. 2:15-CV-409, 2016 WL 722466, at *1 (S.D. Tex. Feb. 24, 2016) (Ramos, J.), *aff'd sub nom.*, 690 F. App'x 200 (5th Cir. 2017) (per curiam); *Martinez v. Torok*, No. 2:21-CV-113, 2022 LEXIS 133239, at *2 (S.D. Tex. July 27, 2022) (Tipton, J.) ("[A] party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (quoting *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) and cleaned up)). Plaintiff's allegations that Defendants had no authority to deny him bail

do not explain why the M&R's recommendation that his false imprisonment claims be reconstrued is wrong.

Furthermore, to the extent Plaintiff presents new claims, that may be construed as a motion to amend his complaint. (D.E. 73, p. 5–6). But Judge Hampton denied Plaintiff's leave to amend to include obstruction and false arrest claims, *see id.*, pursuant to the Court's order requiring 1) court approval to file an amendment or supplement and 2) that Plaintiff attach a completed amended complaint to any motion to amend, (D.E. 49, p. 10). Because Plaintiff's previous motion to amend has already been denied and because his objections do not state why the M&R is wrong, the Court **OVERRULES** Plaintiff's objections. (D.E. 65; D.E. 67; D.E. 68).

Defendants object to the M&R's recommendation that the Court deny their motion for summary judgment. (D.E. 66, p. 8). But Judge Hampton vacated that part of the M&R, to the extent the M&R recommended denying summary judgment. (D.E. 73, p. 6). Because that recommendation has already been vacated, the Court **OVERRULES** Defendants' objections as **moot**. (D.E. 66).

## II. November 12, 2024 M&R

Plaintiff lodges myriad objections to the November 12, 2024 M&R's recommendation that Defendant's Motion for Summary Judgment be granted. (D.E. 79). Plaintiff presents his understanding of when bail may be denied, *id.* at 2–4, questions why Defendants denied him bail *id.*, and speculates as to Defendant Ramirez's motivations in denying him bail, *id.* at 5–6. Plaintiff further alleges that Defendant identified additional money orders which do not belong to him, *id.* at 7; (D.E. 81, p. 1–2), and that the Court should find that such false evidence undermines the credibility of all of Defendants' arguments, (D.E. 79, p. 8–9).

Once again, Plaintiff's objections as to denial of bail, (D.E. 79, p. 2–4), are largely conclusory and do not address the M&R's findings that Defendants did not delay Plaintiff's release from jail after he satisfied all conditions of his release. (D.E. 74, p. 15–17). The Court does not consider conclusory objections that do not specifically assert why the M&R is wrong. *See Perez*, 2016 WL 722466, at *1; *Martinez*, 2022 LEXIS 133239, at *2.

Pursuant to the Court's Order issued on March 5, 2024, (D.E. 49, p. 10), the Court need not address Plaintiff's new claims introduced in his objections. (D.E. 79, p. 5–7). To the extent Plaintiff attempts to raise new claims relating to Equal Protection Clause violations or obstruction of justice, those claims 1) must have been filed with court approval, and 2) must have been presented in an amended complaint attached to a motion to amend. (D.E. 49, p. 10).

Lastly, Plaintiff's objections as to the November money order do not constitute a genuine issue of material fact. FED. R. CIV. P. 56(a). Plaintiff says that the receipts with serial numbers 019435 and 019436 belong to "Gerardo Reyes and Angel Munoz." (D.E. 79, p. 7). And Defendants state the same. (D.E. 56, p. 6). Because that fact does not bear on the M&R's conclusion that Plaintiff has failed to point to clearly established law to overcome Defendants' assertion of qualified immunity, (D.E. 74, p. 19), the Court **OVERRULES** this objection, (D.E. 79, p. 7).

The date of the November money order is also not in controversy. While Plaintiff has submitted a $10.00 money order (which appears to be) dated November 16, 2021, (D.E. 55-3, p. 3), and Defendants have submitted a $15.00 money order dated November 15, 2021, (D.E. 56-1, p. 20), Plaintiff has also confirmed the validity of the $15.00 money order: "[t]he receipt for $15.00 money order presented by Plaintiff's wife bears the serial number 019437 is correct," (D.E. 79, p. 7). Even considering Plaintiff's $10.00 November 16, 2021 money order, this does not disturb the M&R's determination that Plaintiff did not satisfy all of the conditions of his release

until November 16—the day of his release. (D.E. 74, p. 16). As such, Plaintiff has failed to rebut Defendants' qualified immunity defense "by establishing that [their] allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of [their] conduct." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 409 (5th Cir. 2008). Finally, Plaintiff acknowledges that he has "not submitted any clearly established law" regarding his claims. (D.E. 79, p. 1). Accordingly, the Court must **OVERRULE** Plaintiff's objections. (D.E. 79).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 65; D.E. 67; D.E. 68), and Defendants' objections, (D.E. 66), and **ADOPTS** the findings and conclusions of the October 4, 2024 M&R, (D.E. 61). Furthermore, the Court **OVERRULES** Plaintiff's objections, (D.E. 79; D.E. 81), and **ADOPTS** the findings and conclusions of the November 12, 2024 M&R, (D.E. 74). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment, (D.E. 56), and **DISMISSES** Plaintiff's case. The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 21st, 2025